# STATE OF LOUISIANA

## COURT OF APPEAL, FIRST CIRCUIT

LYNDA TURNER

VERSUS

THE HARMONY CENTER, INC. AND
LWCC

NO. 2024 CW 1137

**MARCH 17, 2025**

---

In Re: The Harmony Center, Inc. and Louisiana Workers' Compensation Corporation, applying for supervisory writs, Office of Workers' Compensation, District 05, No. 23-01784.

---

BEFORE: THERIOT, HESTER, AND EDWARDS, JJ.

**WRIT DENIED.**

MRT

**Edwards, J.,** concurs. Louisiana Revised Statutes 23:1044 sets forth a rebuttable presumption that "[a] person rendering service for another in any trades, businesses, or occupations covered by [the Workers' Compensation Act] is presumed to be an employee under [the Act]." The four primary factors considered in deciding whether an employer/employee relationship exists are as follows: Selection and engagement; Payment of wages; Power of dismissal; and Power of control. **Alexander v. J.E. Hixson & Sons Funeral Home,** 44 So.2d 487, 488 (La. App. 1st Cir. 1950). None of these factors alone is determinative of an employer/employee relationship, but the totality of the circumstances must be considered, and the burden of proof is on the party seeking to establish an employer-employee relationship. **Hillman v. Comm-Care, Inc.,** 2001-1140 (La. 1/15/02), 805 So.2d 1157, 1162-63. The inquiry hinges on the right to control the work. **Pitcher v. Hydro-Kem Services, Inc.,** 551 So.2d 736, 738 (La. App. 1st Cir.), writ denied, 553 So.2d 466 (La. 1989). In the case at hand, the evidence shows that the defendant, The Harmony Center, sought out the plaintiff, Lynda Turner, for the position and set the salary for the position. In addition, a Harmony Center supervisor assigned cases to Ms. Turner, and Ms. Turner was required to report comings and goings to a Harmony Center supervisor. This evidence supports a finding that plaintiff was an employee.

**Hester, J.,** dissents in part and concurs in part. I would reverse the portion of the workers' compensation court's September 25, 2024 judgment that granted Lynda Turner's cross motion for summary judgment. I find that issues of material fact remain in determining whether Lynda Turner was an independent contractor or employee of The Harmony Center, which precludes the grant of summary judgment. I concur in the denial of the writ as to defendants' motion for summary judgment.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT